

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Martiri v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Martiri v. Atty Gen USA" (2005). *2005 Decisions*. Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2792

———————

JOLANDA MARTIRI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

(No. A73-570-302)

Submitted pursuant to LAR 34.1(a)
September 29, 2005

———————

Before: ALITO and AMBRO, Circuit Judges, and RESTANI,[*] Judge

(Opinion Filed: December 16, 2005)

———————

———————

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation

PER CURIAM:

Jolanda Martiri ("Martiri") petitions for review of a decision of the Board of Immigration Appeals ("BIA" or "Board") that affirmed the decision of an Immigration Judge ("IJ") denying Martiri's application for asylum and withholding of deportation. For the reasons given below, we deny the petition.

I.

Martiri, an Albanian national who entered the United States in 1993, asserts that she has a well-founded fear of persecution by members of the Communist and Socialist Parties in Albania based on her, and her family's, support of the Democratic Party. As we write only for the parties involved, we will not restate in detail the evidence below.

Martiri and her witnesses testified before the IJ regarding their adverse experiences under the Communist regime, including several frightening encounters with local political thugs. The most serious of these encounters was an incident that took place in March of 1992, a few days before elections were to be held. The IJ found that there was no possibility of future persecution if Martiri returned to Albania, grounding his decision on four factual conclusions. First, he found that the testimony presented was not credible based on witness inconsistencies, particularly regarding the pre-election threats in 1992. Second, he determined that the Democratic Party currently held power in Albania. Because the Communist Party was no longer in power, it could not sponsor Martiri's persecution. Third, he found that even under the past Communist regime, Martiri did not

appear to have suffered significantly. Fourth, he found that the violent incidents described by the witnesses bore no indication of specific animus towards Martiri or her family, but rather appeared to be random acts of violence.

The BIA dismissed Martiri's appeal in a separate order that adopted some of the IJ's conclusions and made some of its own. Initially, the BIA assumed, without deciding, that all testimony was credible. The Board also noted that it would only consider the possibility of future persecution, as Martiri did not contend on appeal to have suffered past persecution. It then confirmed the IJ's finding that the incidents surrounding the 1992 elections were not government-sponsored. Next, the Board considered evidence that over a decade had passed since the 1992 elections, that the Martiri family had received no threats after moving to a different city in Albania approximately eight months prior to leaving the country, and that there were no indications that individuals with similar backgrounds had a reasonable fear of being harmed by the Albanian government.[1] Based on these facts, the BIA then concluded that the asylum appeal ultimately failed because, as Martiri could avoid persecution by relocating to another part of Albania, she could not demonstrate a well-founded fear of persecution.

## II.

A foreign national seeking asylum must establish that she is a "refugee" within the

---

[1] Martiri submitted newspaper articles to the BIA that were not considered because the Board is prohibited from engaging in fact finding on appeal. See 8 C.F.R. § 1003.2(c)(2003). Martiri does not specifically challenge on appeal the Board's determination that any evidence contained in the articles did not warrant remand; therefore, we do not review that decision.

meaning of 8 U.S.C. § 1101(a)(42)(A). To attain refugee status, the applicant must show that she has been subject to persecution, or that she harbors "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). An applicant does not have a well-founded fear of persecution if she could avoid persecution by relocating to another part of her country of nationality. 8 C.F.R. § 1208.13(b)(2)(ii). If, as here, no past persecution has been alleged or established, the applicant "bear[s] the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored." 8 C.F.R. § 1208.13(b)(3)(i); see also Vente v. Gonzales, 415 F.3d 296, 303 (3d Cir. 2005).

We review the BIA's determination that Martiri did not demonstrate a well-founded fear under the substantial evidence standard. See Gao v. Ashcroft, 299 F.3d 266 (3d. Cir. 2002); Abdille, 272 F.3d at 483. In order to reverse the BIA's finding under this standard, we must find that the evidence not only supports, but compels, the opposite conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

Here, the BIA concluded that Martiri's claim failed because she did not establish that any adverse incidents suffered were government-sponsored, and because she failed to satisfy her burden of proof that it would be unreasonable for her to relocate to another part of Albania. We agree that the evidence presented does not satisfy Martiri's burden of proof. Substantial evidence supports the finding that the incidents surrounding the 1992

4

election were not government-sponsored; nothing suggests that the IJ erred in concluding that the events were "incidents of intimidation by some local Socialist Party thugs before and immediately after the election." (PA1-2). Further, there is no evidence that the Communist Party is still in power in Albania. The IJ noted at Martiri's initial asylum hearing that the Democratic Party was in power (PA1-17), and the BIA's order indicates that the Socialist Party now holds sway. (PA1-5). Martiri's contention in this proceeding that we should judge the likely behavior of the new Socialist government based on the record of the former Communist Party is unpersuasive.

Because Martiri cannot show government-sponsored persecution, she does not meet the standards for asylum unless she establishes that it would be unreasonable for her to relocate to another part of Albania. See Gambashidze v. Ashcroft, 381 F.3d 187, 192 (3d Cir. 2004). Martiri now argues that the BIA did not consider the reasonableness of her relocation in accordance with the factors provided by the regulation, including, *inter alia*, infrastructure, geographical limitations, and social and cultural constraints. See 8 C.F.R. § 1208.13(b)(3). However, the regulation also provides that the listed factors "may, or may not, be relevant, depending on all the circumstances," id., and such is the case here. Martiri's generic list of factors (e.g., "With regard to geographic limitations, the State Department asserts that Albania is a small country of only about 3.5 million people.") does not compel us to conclude that it would be unreasonable for her to relocate. Thus, because Martiri could avoid persecution by relocating within Albania, she has not established the well-founded fear of persecution necessary to sustain an asylum

5

petition.

## III.

Martiri also appeals the BIA's denial of her petition for withholding of removal. See 8 U.S.C. § 1231(b)(3)(A). In order to succeed on a withholding claim, a petitioner must show that "it is more likely than not" that she will be subjected to persecution if removed. See Yan Lan Wu v. Ashcroft, 393 F.3d 418, 423 (3d Cir. 2005). Given that Martiri failed to establish her burden with relation to the asylum claim, she cannot satisfy the more stringent burden for an order withholding removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

For the above reasons, we deny the petition.